**Entered on Docket
December 07, 2009**

_____
**Hon. Mike K. Nakagawa
United States Bankruptcy Judge**

___

**WILDE & ASSOCIATES**
Gregory L. Wilde, Esq.
Nevada Bar No. 004417
208 South Jones Boulevard
Las Vegas, Nevada 89107
Telephone: 702 258-8200
bk@wildelaw.com
Fax: 702 258-8787
and
MARK S. BOSCO, ESQ.
Arizona Bar No. 010167
TIFFANY & BOSCO, P.A.
2525 East Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 255-6000
Wells Fargo Bank, N.A.
09-75397

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | BK-09-22983-mkn |
| Robin J. Peerman | Date: 11/4/2009<br>Time: 1:30pm |
| Debtor. | Chapter 13 |

## ORDER VACATING AUTOMATIC STAY

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Automatic Stay in the above-entitled bankruptcy proceedings is vacated and extinguished for all purposes as to Secured Creditor Wells Fargo Bank, N.A., its assignees and/or successors in interest, of the subject property, generally described as 352 Manti Place, Henderson, NV 89014, and legally described as follows:

PARCEL I (COMMON ELEMENTS):
ONE (I) ALLOCATED INTEREST (EXCEPT ASSOCIATION PROPERTY) AS TENANT IN COMMON ELEMENTS WITHIN PHASE "B" OF DESERT LINN CONDOMINIUMS, UNIT 4, AS SHOWN BY PLAT MAP RECORDED ON FEBRUARY 14,1996 IN BOOK 72 OF PLATS, PAGE 17 AND BY CERTIFICATE OF AMENDMENT RECORDED JUNE 7, 1996 IN BOOK 960607 AS DOCUMENT NO. 00982 AND AUGUST 7, 1997 IN BOOK 970807 AS DOCUMENT NO. 01260 IN THE OFFICE OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA. AS PHASES ARE ANNEXED, THE ALLOCATED INTEREST OF EACH UNIT WILL BE A FRACTION, THE NUMERATOR OF WHICH WILL BE ONE (1), AND THE DENOMINATOR OF WHICH WILL BE THE TOTAL OF ALL UNITS IN ALL PHASES THAT BECOME SUBJECT TO THE DECLARATION.

EXCEPTING THEREFROM THE FOLLOWING:

ALL LIVING UNITS AND ASSOCIATION PROPERTY IN PHASE "A" OF DESERT LINN CONDOMINIUMS UNIT 4.

AND RESERVING THEREFROM:

THE RIGHT TO POSSESSION OF ALL THOSE AREAS DESIGNATED AS LIMITED COMMON ELEMENTS AS SHOWN UPON THE PLAT REFERRED TO ABOVE;

AND FURTHER RESERVING THEREFROM FOR THE BENEFIT OF THE OWNERS OF CONDOMINIUMS IN SUBSEQUENT PHASES, NON-EXCLUSIVE EASEMENTS ON, OVER, AND ACROSS THE ASSOCIATION AREAS AS DEFINED AND SHOWN UPON THE PLAT REFERRED TO ABOVE FOR INGRESS, EGRESS AND RECREATIONAL USE, SUBJECT TO THE "DECLARATION OF COVENANTS, CONDITIONS, AND RESTRICTIONS" RECORDED ON AUGUST 9,1993 IN BOOK 930809, AS INSTRUMENT NO. 01000, AS BY FIRST AMENDMENT RECORDED ON NOVEMBER 16, 1993, IN BOOK 931116, AS INSTRUMENT NO. 01674, AND SECOND AMENDMENT RECORDED OCTOBER 24, 1994, IN BOOK 941024, AS INSTRUMENT NO. 01045, CLARK COUNTY, NEVADA RECORDS.

PARCEL II (THE LIVING UNIT):

LIVING UNIT TWO HUNDRED EIGHTY (280) IN BUILDING TWENTY (20), AS SHOWN UPON THE CONDOMINIUM PLAT ON FILE IN BOOK 72 OF PLATS, PAGE 17, CLARK COUNTY, NEVADA RECORDS.

PARCEL III:

THE EXCLUSIVE RIGHT TO USE, POSSESSION, AND OCCUPANCY OF THOSE PORTIONS OF THE LIMITED COMMON ELEMENTS DESCRIBED UPON THAT PLAT AS PATIOS. AND ASSIGNED CARPORT NO. CP 280 (LIMITED COMMON ELEMENTS, WHICH ARE APPURTENANT TO AND FOR THE EXCLUSIVE USE OF PARCEL II.

PARCEL IV (ASSOCIATION PROPERTY):
A NON-EXCLUSIVE EASEMENT ON AND OVER THE ASSOCIATION PROPERTY (AS DEFINED IN THE DECLARATION) FOR ACCESS, USE, OCCUPANCY, ENJOYMENT, INGRESS, EGRESS AND USE OF THE AMENITIES LOCATED HEREON, SUBJECT TO THE TERMS AND PROVISIONS OF THE DECLARATION. THIS EASEMENT IS APPURTENANT TO PARCELS I, II, AND III ABOVE DESCRIBED. THE ASSOCIATION PROPERTY IS LIMITED TO USE BY OWNERS AND GUESTS OF THE UNITS AND IS SUBJECT TO THE DECLARATION, RULES, AND REGULATIONS OF THE ASSOCIATION.

PARCEL V (PHASED AREAS):

A NON-EXCLUSIVE EASEMENT FOR INGRESS, EGRESS, AND RECREATIONAL USE ON AND OVER THE ASSOCIATION PROPERTY OF SUBSEQUENT PHASES, WHICH EASEMENT IS APPURTENANT TO PARCELS I, II, AND III DESCRIBED ABOVE. THIS EASEMENT SHALL BE EFFECTIVE ONLY UNTIL RECORDATION PRIOR TO EXPIRATION OF RIGHT TO ANNEX OF THE DECLARATION OF ANNEXATION DECLARING NON-ANNEXED PHASES TO BE SUBJECT TO THE DECLARATION

IT IS FURTHER ORDERED, ADJUDGED and DECREED that relief of stay is effective ten (10) days after the date of entry of the order by the court.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Secured Creditor shall give Debtors at least five business days' notice of the time, place and date of sale.

///

///

///

///

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Secured Creditor hereby withdraws its secured Proof of Claim filed in this matter. The Secured Creditor shall notify the Trustee of the completion of the foreclosure sale. If applicable, Secured Creditor may thereafter amend its secured Proof of Claim to an unsecured Proof of Claim no later than forty-five (45) days after the foreclosure sale.

DATED this _____ day of _____, 2009.

Submitted by:
WILDE & ASSOCIATES

By_____
GREGORY L. WILDE, ESQ.
Attorney for Secured Creditor
208 South Jones Boulevard
Las Vegas, Nevada 89107

APPROVED / DISAPPROVED

_____
pro se
Attorney for Debtor(s)

APPROVED / DISAPPROVED

_____
Rick A. Yarnall
701 Bridger Avenue #820
Las Vegas, NV  89101
Chapter 13 Trustee

ALTERNATIVE METHOD RE: LOCAL RULE 9021:
In accordance with Local Rule 9021, the undersigned counsel certifies as follows (check one):
\_\_\_\_ The court waived the requirements of LR 9021.
\_\_\_\_ No parties appeared or filed written objections, and there is no trustee appointed in the case.
__X__ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below (list each party and whether the party has approved, disapproved, or failed to respond to the document):

(List Parties)
Debtor's counsel:

\_\_\_\_ approved the form of this order        \_\_\_\_ disapproved the form of this order

\_\_\_\_ waived the right to review the order and/or    __X__ failed to respond to the document

\_\_\_\_ appeared at the hearing, waived the right to review the order

\_\_\_\_ matter unopposed, did not appear at the hearing, waived the right to review the order

Trustee:

\_\_\_\_ approved the form of this order        \_\_\_\_ disapproved the form of this order

\_\_\_\_ waived the right to review the order and/or    __X__ failed to respond to the document

Other Party:_____

\_\_\_\_ approved the form of this order        \_\_\_\_ disapproved the form of this order

\_\_\_\_ waived the right to review the order and/or    \_\_\_\_ failed to respond to the document

Breach Order:

\_\_\_\_ This is an Order Vacating the Stay after the Failure to cure a Declaration of Breach. Copies of this proposed order were transmitted to Debtor's counsel and appointed trustee to which they have not replied

Submitted by:
/s/ Gregory L. Wilde, Esq.
Gregory L. Wilde, Esq.
Attorney for Secured Creditor